IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARL O. HUDDLESTON, et al.  )
                            )
v.                          ) NO. 3-11-0223
                            ) JUDGE CAMPBELL
UNITED STATES OF AMERICA    )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 12). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiffs filed this action on March 11, 2011, pursuant to the Federal Tort Claims Act ("FTCA"), alleging negligence by employees of the U.S. Department of Veterans Affairs Hospital in Murfreesboro, Tennessee. Plaintiffs contend that the negligence of employees in reprocessing equipment used in Carl Huddleston's October 2, 2006 colonoscopy resulted in Mr. Huddleston being infected with hepatitis B. Plaintiffs allege that Defendant's employees violated the applicable standard of professional care in their handling of Mr. Huddleston's colonoscopy.

Defendant has moved to dismiss on two grounds: (1) Mrs. Huddleston's loss of consortium claim herein must be dismissed because she did not present such a claim during the administrative process prior to filing this action; and (2) Mr. Huddleston's medical malpractice claim must be dismissed as barred by the applicable three-year statute of repose. Tenn. Code. Ann. § 29-26-116(a)(3).

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## LOSS OF CONSORTIUM CLAIM

The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *Thomas v. Nicholson*, 539 F.Supp. 2d 205, 213 (D.D.C. 2008). An action may not be instituted against the United States under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Compliance with Section 2675 is "strictly construed." *Furman v. United States Postal Serv.*, 349 F.Supp.2d 553, 557 (E.D. N.Y. 2004). Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim. *Id.* The exhaustion requirement is a mandatory jurisdictional prerequisite which the Court cannot excuse. *Thomas*, 539 F. Supp. 2d at 213; *Caretolive v. Eschenbach*, 525 F.Supp.2d 952, 970 (S.D. Ohio 2007).

Plaintiffs argue that they have set out their demand for loss of consortium within their Complaint, but that is not the issue. Plaintiffs' Complaint does not assert that they presented a claim for loss of consortium during the administrative process, and failure to raise that claim in the administrative process bars it from this action. Plaintiffs also argue that they can amend their Complaint to raise this claim, but this jurisdictional defect cannot be remedied by amending the Complaint. *Edwards v. District of Columbia*, 616 F.Supp.2d 112, 117 (D.D.C. 2009).

For these reasons, Defendant's Motion to Dismiss Plaintiff Tammy Huddleston's loss of consortium claim is GRANTED, and that claim is DISMISSED.

## MEDICAL MALPRACTICE[1]

Under the FTCA, liability attaches only under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Williams v. United States*, 754 F.Supp.2d 942, 948 (W.D. Tenn. 2010). The law of the state where the alleged negligent act or omission occurred determines the government's liability under the FTCA. *Id*. Because the allegedly negligent acts giving rise to Plaintiffs' claims occurred in Tennessee, Tennessee substantive law applies.

Under Tennessee law, the statute of limitations in malpractice actions is one year, but "in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment[2] on the part of the defendant." Tenn. Code Ann. § 29-26-116(a). This statute of repose sets an absolute limit on the

---

[1] Plaintiffs' claims bear a substantial relationship to the rendition of medical treatment by a medical professional, as in the related case of *Mayo v. United States*, Case No. 3-10-0997.

[2] There is no claim of fraudulent concealment in this case.

3

time in which a plaintiff may bring a medical malpractice action. *Mills v. Wong*, 155 S.W.3d 916, 920 (Tenn. 2005).[3] A statute of repose, unlike a statute of limitations, creates a substantive right to be free of liability after the specified time. *Smith v. United States*, 2001 WL 1533432 at * 1 (5th Cir. April 22, 2011). The statute of repose is not subject to tolling and provides the applicable substantive law in the case. *Id.*; *see also Mills*, 155 S.W.3d at 920.

The Court is aware that in *Jones v. United States*, ___ F.Supp.2d ___, 2011 WL 1565734 (M.D. Tenn. April 5, 2011), the court found Tennessee's statute of repose had no effect on the plaintiff's FTCA claim. *Jones*, 2011WL 1565734 at * 9. Although it noted contrary holdings in numerous jurisdictions, the *Jones* court held that the FTCA claim existed until an agency rendered a ruling on the claim, and the claim was extinguished only if the claimant failed to meet the two-year statute of limitations found in the FTCA itself. *Id.* The court in *Jones* did not have the benefit of the *Smith* decision by the Fifth Circuit.

Respectfully, this Court disagrees with *Jones*[4] and finds that the statute of repose at issue here is absolute. The liability of the United States under the FTCA arises only when the law of the state would impose it. 28 U.S.C. §§ 1346(b) and 2674; *Brown v. United States*, 653 F.2d 196, 201 (5th Cir. 1981). Thus, there is no claim against the United States if, under like circumstances, suit would not be permitted against a private individual. And, in Tennessee, no such claim could be brought against a private individual if the statute of repose had run.

---

[3] Plaintiffs argue that they filed their action within the statute of limitations of the FTCA. The statute of limitations is not the issue, however. The statute of repose is different.

[4] The Court notes that *Jones* is also factually distinguishable from this case in that the plaintiff there filed her administrative claim within the statute of repose. Here, Plaintiff's administrative claim was not filed until after the statute of repose had run.

4

Joining *Smith* and the "sister federal courts" cited in *Jones* (at * 5), this Court holds that Tennessee's three-year statute of repose extinguished this medical malpractice claim brought pursuant to the FTCA. The allegedly negligent conduct occurred on October 2, 2006, and this action was not filed until March 11, 2011. As in *Smith*, because the Plaintiffs did not file suit until well beyond the three-year period of repose, their claims are not actionable and should be dismissed.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 12) is GRANTED, and Plaintiffs' claims against Defendant are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE